IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SANDRA HILYER LILES | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Case No. 2:08-cv-0978-TFM |
| vs. | )   [wo] |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sandra H. Liles ("Liles") appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for disability benefits under Title II of the Social Security Act ("SSA") , 42 U.S.C. §§ 401 *et seq*., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq*. Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS the Commissioner's decision.

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a

reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Liles filed an application for disability insurance benefits and  supplemental security income, alleging November 11, 2005 as her onset date of disability. The Commissioner denied the application administratively  and Liles sought review. (Tr. 42-44). Liles, represented by counsel, received a requested hearing before an administrative law judge ("ALJ"). On February 14, 2008, the ALJ issued a decision which found Liles was not disabled within the meaning of the Act. (Tr. 14-31). On October 10, 2008, the Appeals Council rejected review, therefore the ALJ's decision became the final decision of the Commissioner.

Liles was born in January, 1961, and has an eighth grade education.  Liles has past work experience as a waitress, secretary, bookkeeper, and sales clerk. (Tr. 64, 89-98).  Liles  has not

engaged in substantial gainful work activity since, November 11, 2005, the alleged onset date of disability. The ALJ found that Liles' impairments are a history of polysubstance abuse, cocaine dependence, rule out bipolar disorder, not otherwise specified, rule out generalized anxiety disorder and depression. The ALJ considered numerous medical records and testimony but found individually and in combination, the impairments did not meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P. The ALJ deemed Liles not entirely credible concerning the intensity, persistence and limiting effects of her impairments. The ALJ found Liles was able to perform her past relevant work and alternatively found Liles has the residual functional capacity ("RFC") to perform other jobs which exist in significant numbers in the national economy. Accordingly, the ALJ concluded that Liles is not disabled under the Social Security Act.[1]

## III.  ISSUES

Liles raises one issue for judicial review:

1. The ALJ failed to properly consider the effect of Plaintiff's impairments in combination on the Plaintiff's ability to work.

## IV.  DISCUSSION

### Consideration of Combination of Imparments

Liles contends the ALJ did not properly consider the effect her impairments have on her ability to work.[2] The argument merits little discussion and is not borne out by the evidentiary record.

---

[1] R. 24-25. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] Pl.'s Br. at 3.

It is well established that the ALJ, in making a disability determination, must consider the combined effects of all impairments. *See Wilson v. Barnhart*, 284 F. 3d 1219, 1224-25 (11th Cir. 2002); *Jones v. Dept. of Health & Human Servs.*, 941 F. 2d 1529, 1533 (11th Cir. 1991). If the claimant alleges multiple impairments, the claimant may be found disabled even though no single impairment is considered disabling. *Walker v. Bowen*, 826 F. 2d 996 (11th Cir. 1987). The ALJ properly considered Liles's complaints of polysubstance abuse, cocaine dependence, rule out bipolar disorder, not otherwise specified, rule out generalized anxiety disorder and depression. The opinion specifies the ALJ considered Liles's impairments both individually and in combination. (R. 28). This language has been held sufficient to meet the requirement of considering impairments in combination. *See Reeves v. Bowen*, 841 F. 2d 383 (11th Cir. 1988); *Gibbs v. Barnhart*, 156 Fed. Appx. 243 (11th Cir. 2005); *McCray v. Massanari*, 175 F. Supp. 2d 1329 (M.D. Ala. 2001). Consequently, remand is not appropriate.

At step two of the five-step sequential evaluation process, the ALJ must consider the medical severity of the claimant's impairments. The severity step is a "threshold inquiry" which allows only claims based on the most trivial impairment to be rejected. *McDaniel v. Bowen*, 800 F. 2d 1026, 1031 (11th Cir. 1986). A claimant bears a "mild" burden of proving he has a severe impairment within the meaning of the Social Security Act. An impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §404.1521(a). Basic work activities are defined as those abilities and aptitudes necessary to perform most jobs. *See* 20 C.F.R. §404.1521(b).[3] An impairment is not severe if the abnormality is so slight and its effect so

---

[3]Examples of these include: (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capabilities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of

minimal that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *McDaniel v. Bowen*, 800 F. 2d at 1031; *Davis v. Barnhart*, No. 06-11021, 2006 U.S. App. LEXIS 18442 (11th Cir. July 21, 2006). The severe impairment must last or be expected to last for at least twelve months. *Barnhart v. Walton*, 535 U.S. 212, 216 (2002). Therefore, a claimant need only show that his impairment is not so slight and its effect is not so minimal. *McDaniel v. Bowen*, 800 F. 2d at 1031.

The ALJ need not specifically reference every piece of evidence so long as, on review, the court determines whether the ALJ considered the claimant's medical conditions as a whole. *Dyer v. Barnhart*, 395 F. 3d 1206, 1211 (11th Cir. 2005). Prior to finding Liles not disabled under the Act, the ALJ had before him testimony and medical records which pertain to Liles' complaints regarding fibromyalgia, GERD, feet swelling, cramps in the legs and feet, pain in the neck, back, hips and lower left abdomen and drowsiness from medication. (R. 20,21,27, 126-158, 283-329, 341-383). In his written opinion the ALJ referred to each of the complaints and the records related thereto in reaching his overall assessment of Liles' physical condition and his determination that Liles is not disabled under the Act either by an impairment or combination of impairments. (R. 19).

Nothing the Court finds credible indicates the ALJ misunderstood or failed to properly evaluate the evidence. While each of the conditions Liles points to could theoretically, alone or in combination, be a basis to find her disabled under the Act, no medical or credible evidence before the ALJ or the Court suggests the additional complaints arose to the level of a severe impairment which equals or exceeds a listed impairment or were so severe as to prevent Liles

---

judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting. *See* 20 C.F.R. §404.1521(b).

from substantial gainful activity for at least twelve continuous months. *Jones v. Dep't Health & Human Services*, 941 F. 2d 1529, 1533(11th Cir. 1991).

The ALJ had ample reason to discount the testimony from Liles about the severity of her pain.  The ALJ had before him medical records from a variety of sources who treated Liles for all of the conditions Liles relied upon to establish disability. No treating or examining physician testimony before the ALJ to indicate Liles is disabled or has limitations greater than those found by the ALJ.  Furthermore, the medical records before the ALJ do not indicate that Liles complained of medication side effects to any treating physician.  An ALJ may, from the lack of reports, rightly conclude side effects are not a significant problem and discount hearing testimony to the contrary from a claimant.  *Swindle v. Sullivan*, 914 F. 2d 222. 226 (11th Cir. 1990).  With such a dearth of evidence and the fact the burden rests with the claimant to prove they are disabled under the Act, it is abundantly clear to the Court that the ALJ properly found Liles is not disabled under the Act.  Beyond the lack of proof by Liles, who carries the burden of proving disability, the ALJ had testimony from examiners, records from treating physicians and vocational experts.  *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (explaining that an SSA claimant has the burden of proving disability and producing evidence in support of his claim).  All of the evidence is consistent with the decision of the ALJ and the Court thereby AFFIRMS the Commissioner.

A separate judgment is entered herewith.

Done this 30th day of March, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE